UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY E. EBERLEIN and TRISHA EBERLEIN,<br><br>                Plaintiffs,<br>       v.<br>MICHELS CORPORATION, and JOHN DOES 1-5,<br><br>                Defendants. | CASE NO. 2:22-cv-1827<br><br>ORDER |

## 1.  INTRODUCTION

This matter comes before the Court on Plaintiffs Jeffrey E. Eberlein and Trisha Eberlein's Motion to Compel the depositions of Defendant Michels Corporation and its employee Nick Noradoun. Dkt. No. 15.

## 2.  BACKGROUND

This matter was removed from state court on December 27, 2022. Dkt. No. 1. The Eberleins' action arises out of an injury Jeffrey E. Eberlein suffered while working for Michels in 2020. Dkt. No. 1-1 at ¶ 1.3. A stacked I-beam fell onto Eberlein, crushing his leg. *Id.* at ¶ 2.9. The Eberleins allege the I-beams were negligently stacked, the fact of the accident alone speaks to Michel's negligence (i.e.,

ORDER - 1

res ipsa loquitar), and Michels breached a contractual duty owed to Mr. Eberlein as a third-party beneficiary. *Id*. at ¶¶ 2.10, 3.1-3.5, 3.6-3.9, 3.10-3.13.

Plaintiffs seek to depose Michels's designated Rule 30(b)(6) witnesses and Michels's Safety Coordinator, Nick Noradoun. Dkt. No. 15 at 1. Plaintiffs claim they have been trying to "secure deposition dates for almost eight (8) weeks," and "after finally setting a properly noticed date, Michels [sic] Rule 30(b)(6) witness and Mr. Noradoun failed to appear arguing that they were not ready." *Id*. at 1-2.

This issue unfolded between the parties over a series of communications from June 8 to July 26, 2023. *See* Dkt. No. 16. On June 8, 2023, the Eberleins sent Michels an undated 30(b)(6) deposition notice, "intending to work with counsel to find mutually agreeable dates." Dkt. No. 15 at 3. On June 30, 2023, "after receiving no response" from Michels, the Eberleins sent Michels a Rule 30(b)(6) deposition notice and a deposition notice for Nick Noradoun for July 20, 2023. *Id*. at 4. The Eberleins included a cover letter providing that "if the July 20, 2023 date did not work, then Plaintiffs would agree to move the depositions to a mutually agreeable date no later than August 3, 2023." *Id*. Generally, Michels was non-committal about deposition dates and the Eberleins continued to postpone the deposition dates. *See id*.

The parties talked on the phone on July 12, 2023. *Id*. The Rule 30(b)(6) deposition and Noradoun's deposition were moved to July 26, 2023, but the Eberleins represent that Michels "advised that this was still possibly subject to witness availability." *Id*. at 4–5. The Eberleins found Michels's "lack of definitive commitment [unsatisfactory]." *Id*. at 5. On July 14, 2023, the Eberleins issued

ORDER - 2

amended notices for the July 26, 2023, Rule 30(b)(6) and Noradoun depositions. *Id.* On July 21, 2023, Michels stated through counsel that it could not prepare and present a witness on July 26 and stated that it preferred to produce witnesses after Mr. Eberlein's deposition, scheduled for September 14, 2023. Dkt. No. 16-9 at 4. Michels's counsel stated, "[p]lease let me know . . . if you intend to pursue motions practice." *Id.* at 2.

The Eberleins' counsel responded that same day, objecting to moving the deposition date, saying "[l]et's chat Monday," and asking why Plaintiffs could not depose Noradoun "at a minimum." Dkt. Nos. 16 at 3, 4; 16-9 at 4. Three days later, on July 24, 2023, the Eberleins again emailed and called Michels's counsel "to either confirm or cancel the court reporter" for the July 26 deposition. *Id.* at 4. In an email stating that he would strike the court reporter for the scheduled depositions, Eberleins' counsel stated, "I will file a motion to compel." Dkt. No. 16-10 at 5. Michels responded, "[b]y the time any motion to compel is heard in federal court we are almost certainly going to have provided dates and times for the requested deposition(s) so the motion would not be an efficient use of client, counsel or court resources," and "July 26 was offered in an effort to help deposition schedule and to share my own availability, but I was careful to stress during our phone discussion that I needed to check on witness availability to confirm the depositions could go forward on that date . . ." *Id.* at 7. The parties agreed to discuss further over the phone on July 26, 2023. *Id.*

On July 26, 2023, Michels's counsel responded to the Eberleins' request for a confirmation of their conferral call stating that counsel would identify "times to

confer and update you as soon as possible" but that "[a]n urgent family medical issue prevented me from responding sooner." Dkt. No. 16-11 at 2. The same day, Eberleins' counsel "advised [Michels's counsel] she could call his cell phone at any time to discuss new dates," but states "[n]o phone call or email has been forthcoming" and there has been no date provided as of the filing of this motion. Dkt. No. 16 ¶ 25, Dkt. No. 16-11 at 2. Eberleins' counsel concluded the email, stating "I'll file the motion to compel next week and am now working on it." Dkt. No. 16-11 at 2. The Eberleins moved to compel on August 2, 2023. Dkt. No. 15.

### 3. ANALYSIS

Under Rule 37(a), the Court has the authority to compel discovery. *HDT Bio Corp. v. Emcure Pharm., Ltd.*, C22-0334JLR, 2023 WL 4296412, at *2 (W.D. Wash. June 30, 2023). "Although Rule 37(a)(3)(B)(i) generally is invoked when a deponent refuses to answer a particular question during a deposition, courts in this Circuit also have granted motions to compel under Rule 37(a)(3)(B)(i) in cases where a deponent failed to attend a noticed deposition." *RG Abrams Ins. v. Law Offices of C.R. Abrams*, 221-CV-00194-FLA-MAAx, 2021 WL 4974648, at *7 (C.D. Cal. July 26, 2021) (citing *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1222 (9th Cir. 2018)). Courts use this rule to compel the deposition of parties and non-parties alike. *RG Abrams Ins.*, 2021 WL 4974648, at *7. But "a nonparty's attendance generally can be compelled only by subpoena." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1222 (9th Cir. 2018).

### 3.1 The Eberleins meet the conferral requirement under Rule 26 and LCR 26.

Michels argues that the Eberleins failed to confer in good faith before bringing their motion to compel, citing Rules 30, 37, and LCRs 1 and 26. Dkt. No. 18 at 9. Under Rule 37, a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Under LCR 37(a), "[a] good faith effort to confer with a party . . . not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." "[W]hen parties file discovery motions without talking in good faith, they risk engendering ill will and wasting the parties' and the Court's time." *Selim v. Fivos, Inc.*, No. C22-1227-JCC, 2023 WL 3172467, at *1 (W.D. Wash. May 1, 2023).

Eberleins' counsel certifies that he conferred with Michels before filing the motions at-issue. *See* Dkt. No. 16 ¶ 29. Still, Michels argues that Eberleins' counsel did not demonstrate "a high degree of professionalism and collegiality" and good faith. Dkt. No. 18 at 10. Specifically, Michels complains that the Eberleins noted the Rule 30(b)(6) deposition date "[e]ven though Plaintiffs' counsel knew" that date would not work and when Michels informed Eberleins' counsel that its designees would not be available. *Id*. Michels cites no case law in support of its position.

Instead, Eberleins' counsel made several requests to confer with Michels regarding the 30(b)(6) and Noradoun's depositions. *See*, *generally*, Dkt. No. 16. Notably, the Eberleins themselves were equivocal on a deposition date, but not for

ORDER - 5

later than August 3, 2023. Dkt. No. 16 ¶ 9; 16-7 at 2. On July 24, 2023, Eberleins' counsel explicitly told Michels that they would move to compel without Michels's proposed deposition dates. Dkt. No. 16-10 at 5. Michels's counsel acknowledged that the Eberleins attempted to contact Michels not only with emails, but also via telephone. *Id.* at 7. When Eberleins' counsel asked whether Michels's counsel would confer the next day, Michels's counsel cited a medical emergency for the delayed response and stated, "I will identify available times to confer and update you as soon as possible." Dkt. No. 16-11 at 2. In response, Eberleins' counsel restated his position that the July 26, 2023, deposition should have proceeded and that "[i]f you contend there is a reason to meet and confer, let me know, and call my personal cell," and reiterated that he would move to compel. Dkt. No. 16-11 at 2. It does not appear that Michels's counsel followed-up and Michels did not move for protective order at that time. *See* Dkt. Nos. 16 ¶ 25; 19 ¶ 6.

The Court credits Michel's implicit point that parties should work cooperatively to resolve run of the mill scheduling issues—perhaps a few more phone calls or emails between the parties would have resolved the issues presented here without the need for Court involvement. But the civil rules entitle the Eberleins to take prompt discovery, and their efforts to do so do not constitute a lack of professionalism or goodwill, as Michels argues. Dkt. No. 18 at 9.

On this record, the Court finds Michels, not the Eberleins, failed to promptly respond to the Eberleins' deposition requests, and further, that Michels failed to move for a protective order to the extent that it wished to resist the Eberleins' efforts. *See* Dkt. Indeed, Eberleins' counsel made multiple requests for conferral,

but Michels was untimely or absent with its responses with proposed deposition dates.

Thus, the Eberleins have met the conferral requirement under Rule 37 and LCR 37.

**3.2  The Eberleins' Rule 30(b)(6) deposition notices for July 26, 2023, were reasonable.**

Under Fed. R. Civ. P. 30(b)(6), "a party may serve notice on an organization that describes 'with reasonable particularity the matters on which examination is requested.'" *Boyer v. Reed Smith, LLP*, No. C12-5815 RJB, 2013 WL 5724046, at *2 (W.D. Wash. Oct. 21, 2013). The Rules permit parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . ." Fed. R. Civ. P. 26(b)(1).

The Eberleins argue that Michels Rule 30(b)(6) designee should be compelled to attend a deposition after failing to do so at a properly noticed deposition for July 26, 2023. Michels argues that it agreed to produce witnesses "this fall," and that the Eberleins failed to provide "reasonable notice" of the Rule 30(b)(6) deposition topics for its designees. Michels's arguments fail.

First, Michels contends that the Eberleins' motion should be denied because "Michels has agreed to produce witnesses for deposition and is diligently working to find" dates, apparently for five witnesses. Dkt. No. 18 at 8. Michels misses the point. The Eberleins properly noted a Rule 30(b)(6) deposition for July 26, 2023. Michels failed to move for a protective order, failed to produce its witnesses on July 26, 2023, and then failed to provide the Eberleins with alternative dates before the

ORDER - 7

Eberleins brought this motion. Indeed, the Eberleins told Michels that they would bring a motion to compel on July 24 and July 26, 2023—yet Michels still did not attempt to confer further on the matter or move for a protective order. *See* Dkt. Nos. 16-10 at 2, 5; 19. The fact the Eberleins "do not cite to any concerns in meeting these deadlines other than simply wanting depositions to be completed sooner rather than later" is beside the point. Dkt. No. 18 at 8. Rule 30(b)(6) provides the Eberleins the right to depose Michels's witnesses upon a properly noticed deposition. Fed. R. Civ. P. 30(b)(1), (6). They have satisfied this requirement. *See* Dkt. No. 16-8 at 2.

Second, Michels broadly argues the Eberleins' deposition notices did not give them reasonable and sufficient time to prepare its designees. Dkt. No. 18 at 10. Rule 30 does not define what "reasonable notice" requires for a 30(b)(6) deposition, but Federal courts have held that 14, 10, 8, and even 5 days is reasonable notice under specific circumstances. *Paige v. Consumer Programs, Inc.*, 248 F.R.D. 272, 275 (C.D. Cal. 2008) (fourteen days' notice was reasonable); *Jones v. United States*, 720 F. Supp. 355, 366 (S.D.N.Y. 1989) (eight days' notice was reasonable); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 320, 328 (N.D. Ill. 2005) (ten business days' notice "seem[ed]" reasonable); *P.S. v. Farm, Inc.*, No. 07-CV-2210-JWL, 2009 WL 483236, at *4 (D. Kan. Feb. 24, 2009) (five days' notice was reasonable).

The Eberleins provided Michels notice of its 30(b)(6) depositions on June 30, 2023, for a July 20, 2023 deposition. Dkt. No. 16 at 2. When Michels's counsel was unavailable for that date, the parties conferred on July 12, 2023, and postponed the depositions to July 26, 2023. Dkt. No. 16-7 at 2. So Michels had notice of the

Eberleins' 30(b)(6) deposition notice since June 30, 2023, which is more than twenty-six days before the amended deposition date at-issue here.

Further, without explicitly stating their objection to the deposition notice topics, Michels argues the Eberleins' "requests for corporate testimony on at least 18 very broad topics that require the testimony of one or more designees," and that Michels needs "sufficient time to navigate busy schedules to find mutually-agreeable dates" for the witnesses and preparation. Dkt. No. 18 at 10. At the time, Michels did not object to the Eberleins' deposition topics and now provides no convincing facts to show why 26 days was not sufficient time to identify and prepare a designee or designees to testify about the topics listed on the Eberleins' notice. In fact, Michels's counsel insinuated on July 12, 2023, that it could have witnesses identified and prepared for a deposition on July 26, 2023, stating "I understand . . . the parties will hold July 26 for the depositions of Nick Noradoun and Michels 30(b)(6) witnesses subject to witness availability." Dkt. No. 16-7 at 2. The Eberleins' motion to compel Michels's Rule 30(b)(6) designee or designees to testify is GRANTED.

### 3.3 The Eberleins failed to subpoena Noradoun, a non-party witness.

The Eberleins argue the Court should compel Noradoun to a deposition. Rule 30 allows for a party to depose a corporate party by issuing a notice naming the entity as the deponent and describing the matters on which examination is requested. Fed. R. Civ. P. 30(b)(6). Similarly, a deposition notice is all that is required to compel the testimony of an officer, director or managing agent of a corporate party. *See Calderon v. Experian Info. Sols., Inc.*, 287 F.R.D. 629, 631 (D.

Idaho 2012), *aff'd*, 290 F.R.D. 508 (D. Idaho 2013). A subpoena is necessary to obtain the testimony from anyone who is not otherwise a party to the action. *See* Fed. R. Civ. P. 45, *id.*; *see also Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1224 (9th Cir. 2018) ("[W]ithout a subpoena neither plaintiffs nor the court could have compelled [a nonparty] to appear at the deposition.").

The Eberlein describe Noradoun as Michel's "site safety superintendent," but neither party describes whether he is an "officer, director or managing agent" of the company such that a simple deposition notice will suffice to command his appearance. *Calderon*, 287 F.R.D. at 631. Unless Noradoun was vested with the general power and discretion over corporate activities to be considered a managing agent, the Eberleins were required to subpoena him as a non-party employee "fact witness" to compel his deposition attendance. *See* Dkt. No. 15 at 8. The Eberleins do not include a subpoena, or refer to a subpoena or service of a subpoena, to Noradoun in their motion. *See id.* The Eberleins have therefore failed to demonstrate that Noradoun's deposition has been properly noticed or subpoenaed, and for this reason, the Eberleins' motion to compel Noradoun deposition is DENIED.

### 3.4   Michels is not entitled to a protective order.

Michels moves for a protective order under Rule 26(c). Dkt. No. 18 at 11-12. The Court may enter a protective order upon a showing of good cause to protect a party from "annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c). Michels claims there is good cause here for a protective order to "allow Michels to present witnesses according to their availability." Dkt. No. 18 at 12. Not only does the Court disagree that this constitutes good cause—at this point,

Michels has had more than two months to identify and prepare its 30(b)(6) witnesses—Michels provides no proof that it conferred with the Eberleins regarding their belated protective order. *See* Fed. R. Civ. P. 26; LCR 26. Indeed, Michels's representations on July 24, 2023, suggest that its need for a protective order would diminish with additional time to identify dates and times for its 30(b)(6) witnesses: "[b]y the time any motion to compel is heard in federal court we are almost certainly going to have provided dates and times for the requested deposition(s)." Dkt. No. 16-10 at 7. Michels's request for a protective order is DENIED.

**3.5    The Eberleins will not receive fees for this motion.**

Finally, the Eberleins request sanctions under Rule 37. When the Court grants a motion in part and denies in part, Rule 37 states, "the court may . . . after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). The Court has denied in-part the Eberleins' motion to compel. The Court reiterates that "[d]iscovery motions are strongly disfavored." *Selim v. Fivos*, Inc., 2023 WL 3172467, at *1. Most discovery issues are avoidable if the parties simply "talk with one another in good faith." *See id*. This is especially true for the scheduling issues at-issue here. The motion for fees is DENIED.

Dated this 20th day of October, 2023.

Jamal N. Whitehead
United States District Judge